UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| KENNY HOWARD, | ) |
|       Petitioner, | ) |
| vs. | ) Cause No. 2:04-CV-493PS |
| ZETTIE COTTON, | ) |
|       Respondent. | ) |

**OPINION AND ORDER**

On August 4, 2005, Mr. Howard filed an Application for Certificate of Appealability ("CA"). When applying for a CA, a petitioner must make "a 'substantial showing of the denial of a federal right.'" *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Congress codified this standard at 28 U.S.C. § 2253, see *Slack v. McDaniel*, 529 U.S. 473, 475 (2000), in order to prevent frivolous appeals from delaying a state's ability to impose sentences. *Barefoot*, 463 U.S. at 892. The court's discretion on whether to grant or deny a CA is the best vehicle of separating meritorious from frivolous appeals. *Id*. at 893. A petitioner is not required to show that he would prevail on the merits, but he must show that the issues presented in his habeas petition are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'" *Id*. at 893 n.4 (citations omitted) (emphasis added).

Mr. Howard's petition was dismissed because it was not filed within the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Mr. Howard's direct appeal was affirmed by the state appellate court on November 5, 1997. Because he didn't seek transfer to the Indiana Supreme Court, that conviction became final on February 3, 1998. Pursuant to 28 U.S.C. § 2244(d)(1)(A), Mr. Howard had one year from the "expiration of the time for seeking (direct) review" to file his habeas

petition, or until February 3, 1999. On October 1, 1999, Mr. Howard filed a petition for post conviction relief. The post conviction proceedings concluded on December 4, 2003 when the Indiana Supreme Court denied transfer. Thus, his habeas petition filed in this Court on November 29, 2004 was too late. The state post conviction proceedings did not toll the statute of limitations because by the time he filed the post conviction petition, his statute of limitations had run out.

In short, none of the issues presented to the court in the application for certificate of appealability make a substantial showing of the denial of a constitutional right or present questions that are debatable among jurists of reason. *See Kraushaar v. Flanigan*, 45 F.3d. 1040 (7th Cir. 1995). Accordingly, petitioner's application for a certificate of appealability pursuant to Fed. R. App. P. 22(b) is hereby **DENIED**. The court advises the petitioner that pursuant to Fed. R. App. P. 22(b), where the district judge denies a certificate of appealability, "the applicant for the writ may then request issuance of the certificate by a circuit judge."

The petitioner filed a motion to proceed *in forma pauperis*. We recognize that the standard governing the issuance of a certificate of appealability is more demanding than the standard governing whether an appeal is in good faith. *See Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Id.* However, Mr. Howard has not made any credible assertion that his petition was timely filed. Based on the current record, this Court finds that no reasonable person could suppose that Mr. Howard's appeal has some merit. Thus, his appeal is not taken in good faith and his motion to proceed *in forma pauperis* is **DENIED**.

**SO ORDERED.**

ENTERED:   October 19, 2005

           s/ Philip P. Simon
          PHILIP P. SIMON, JUDGE
          UNITED STATES DISTRICT COURT